## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTINA MASCORRO | ) |
| and | ) |
| JOSE MASCORRO, | ) |
| Plaintiffs, | ) |
| vs. | ) Civil Action No. CIV-09-218 RAW |
| | ) |
| CRAIG A. BILLINGS, as an individual | ) |
| and as a Murray County deputy sheriff, | ) |
| STEVE WATKINS, as an individual | ) |
| and as a Sulphur Police Officer, | ) |
| TONY SIMPSON, as an individual | ) |
| and as a Sulphur Police Officer, | ) |
| Defendants. | ) |

## FIRST AMENDED COMPLAINT

This is an action taken by plaintiffs Jose Mascorro and Christina Mascorro under the provisions of Title 42, United States Code, Section 1983, for the violation of the plaintiffs' rights under the United States Constitution by the defendants. Plaintiffs file this First Amended Complaint after having received the written waiver of objection by all three named defendants to file it.

### JURISDICTION and VENUE

Jurisdiction of this matter is proper as a federal question under 42 U.S.C. §1983. Venue of this action is proper in this Court under Title 28, United States Code, Section 1391 (b). All events described herein took place in Murray County, Oklahoma, in which all defendants live, so far as

plaintiffs know, within the boundaries of the United States District Court for the Eastern District of Oklahoma.

## PARTIES

Plaintiff Christina Mascorro (hereafter "Mrs. Mascorro"), was a resident of Murray, County, Oklahoma, is now a resident of the State of Texas, and is and was at all times relevant a citizen of the United States. Plaintiff Jose Mascorro (hereafter "Mr. Mascorro"), husband of Mrs. Mascorro, was a resident of Murray, County, Oklahoma, is now a resident of the State of Texas, and is and was at all times relevant a permanent resident of the United States.

Defendant Deputy Sheriff Craig A. Billings (hereafter "Deputy Billings" or "Billings") was at all times relevant herein an individual citizen of Murray County, Oklahoma, and at all times relevant herein a duly commissioned, uniformed, acting Deputy Sheriff for Murray County, a governmental entity, on duty and acting under color of law at all times relevant;

Defendant Steve Watkins (hereafter "Officer Watkins" or "Watkins") is and was at all times relevant an individual citizen of Murray County, Oklahoma, and is and was at all times relevant a duly commissioned, uniformed, acting Police Officer for the City of Sulphur, Oklahoma, a governmental entity, on duty and acting under color of law at all times relevant;

Defendant Tony Simpson (hereafter "Officer Simpson" or "Simpson") is and was at all times

relevant an individual citizen of Murray County, Oklahoma, and is and was at all times relevant a duly commissioned, uniformed, acting Police Officer for the City of Sulphur, a governmental entity, on duty and acting under color of law at all times relevant;

1.   On or about the evening of July 23, at approximately 11:30 p.m., in the City of Sulphur, County of Murray, Oklahoma, Joshua Burchett, age 17 years, parked his car in front of his home at 1404 Knowles, Sulphur, where he lived with his mother, plaintiff Mrs. Mascorro, his step-father, plaintiff Mr. Mascorro, and his step-brother, Christopher, age 14.

2.   Soon after Joshua Burchett entered his house, Deputy Billings, in uniform and on duty as Murray County Deputy Sheriff, driving a Murray County Deputy Sheriff vehicle, rounded the corner to Knowles street and parked his sheriff's vehicle on the street in front of the Mascorro home. Deputy Billings knew before that night that Joshua Burchett lived in that house.

3.   Deputy Billings radioed other law enforcement to come to this location for backup for assistance, already having the intent to use force to enter the Mascorro home.  While Deputy Billings waited for the arrival of the other defendants and other law enforcement officers, Deputy Billings walked across the front of the Mascorro house, service firearm drawn from its holster, and looked around the corner of the Mascorro home, which was dark, as were the homes of all the neighborhood.  As Deputy Billings had requested, many, many other law enforcement officers from

the Murray County Sheriff's office and City of Sulphur Police Department then arrived, including

Officer Watkins and Officer Simpson. They all parked their vehicles in front of the Mascorro home.

4.   Deputy Billings, with his gun still drawn from its  holster, now enabled, encouraged and

emboldened with the arrival of backup from defendants officer Watkins, officer Simpson and others

officers unknown at this time, then approached the front of the plaintiffs' house and kicked on the

front door repeatedly. The pounding woke plaintiffs.  Mr. Mascorro went to the front door and

opened it.  As he opened his front door, he was greeted by Deputy Billings, who pointed his gun in

Mr. Mascorro's face and screamed at Mr. Mascorro, "ON YOUR KNEES! MOTHER******" and

backed up, assisted, enabled, encouraged, aided, abetted, and aggravated by officers Watkins and

Simpson and other officers unknown at this time  who by this time  knew no arrest warrant, search

warrant, nor any warrant of any kind, no felony committed or suspected, no probable cause nor

exigent circumstances existed to enter a residence in the nighttime.  Mrs. Mascorro closed her front

door and Deputy Billings kicked the door open again. Officers Watkins and Simpson had a duty and

obligation to protect the plaintiffs from the illegal actions of Deputy Billings but instead officers

Watkins and Simpson abdicated and surrendered these obligations and duties which they owed to

plaintiffs and failed to intervene in the illegal actions of Deputy Billings and instead assisted, aided,

abetted, encouraged and aggravated Deputy Billings by joining defendant Billings in his

unauthorized and illegal aggression into the residence of the plaintiffs and against the plaintiffs without lawful authority or invitation under color of law and in violation of plaintiffs' rights.

5.    As Mrs. Mascorro watched Deputy Billings bellowing at the front door, assisted, supported, backed up, enabled, encouraged, aided, abetted, and aggravated by officers Watkins and Simpson, with Deputy Billings pointing his firearm at her and Mr. Mascorro, Deputy Billings yelled at her, "Where is he?"  When Mrs. Mascorro asked "who", Deputy Billings continued to yell at her, "Where is he?"  As Deputy Billings advanced into her home, Mrs. Mascorro asked him if he had a warrant.  Deputy Billings' response was to position a cannister of Mace or pepper spray directly in front of  Mrs. Mascorro's face and deliver one long dose of the spray into her mouth, while nearby observed, assisted, enabled, encouraged, aided, abetted and aggravated by Officers Watkins and Simpson.  Both Officer Watkins and Officer Simpson refused to intervene on plaintiffs' behalf from what Officer Watkins and Officer Simpson knew objectively was excessive force and having been earlier notified to the likelihood of excessive force by Deputy Billings having drawn his firearm at the front door before entry, which was unjustified under the circumstances.  Defendants Billings, Watkins, Simpson, and other unknown officers proceeded into plaintiff's residence against plaintiffs' wishes and contrary to law clearly established prior to that date, as all these defendants well knew.

6. Mrs. Mascorro staggered backwards from the Mace or pepper spray attack. Her eyes were burning and tear-filled, making her close her eyes, coughing, she was unable to breath.  As she staggered backwards into her home, Deputy Billings walked further into her home, pushing past her, followed by defendants Watkins and Simpson and all the other uniformed law enforcement officers. Deputy Billings, while still enabled, assisted, encouraged, aided, abetted and aggravated by Officers Watkins and Simpson also sprayed Mace or pepper spray into the faces of Mr. Mascorro and Mrs. Mascorro's son, Christopher, age 14. Defendants, Billings, Watkins, Simpson, and other unknown officers at this time were aware that it was nighttime, no arrest warrants nor search warrants were in possession or in existence, no probable cause for the belief a felony had been committed and no exigent circumstances existed for this nighttime home invasion nor belief that such circumstances existed nor did any defendant believe exigent circumstances existed, and defendants Billings, Watkins, and Simpson knew  it was objectively unreasonable for them to commit these acts of home invasion and excessive force as described herein.

7. Once they entered the Mascorro home, the defendants Billings, Watkins, Simpson and unknown officers kicked a hole in one of the walls of the Mascorro home,  searched throughout the rooms of their home, ransacked the family's private belongings, kicked over trash cans, and rifled through personal effects and clothing all under the pretext of looking for an individual, and Officer

Simpson kicked in the bathroom door while assisted, aided, abetted, enabled, encouraged and aggravated by Deputy Billings and Officer Watkins.  After she had asked them if they had a warrant and told the deputy and officers to leave, Mrs. Mascorro, barely able to talk from the Mace attack, stumbled, eyes closed and clouded, to her bedroom to telephone 9-11 for emergency help.  When she asked for help and told the operator that police were invading her home, the operator responded that Mrs. Mascorro should submit to the police invaders.

8. An ambulance arrived outside the Mascorro home, and Mr. Mascorro and Mrs. Mascorro, along with her 14-year old son, Christopher, were removed from their home by the three named defendants and placed in the ambulance, where Mr. Mascorro was administered oxygen.  Mrs. Mascorro was directed to enter the ambulance, at which time Deputy Billings jerked Mrs. Mascorro's arm with a deliberately unnecessarily violent pull and handcuffed her wrist to the steel rail of the bed inside.

9.  The ambulance transported Mr. and Mrs. Mascorro and her son to Arbuckle Memorial Hospital, in Sulphur, where they were treated with hostility, like outlaws as the deputies and police had presented them to hospital personnel, with an attitude of contempt and disbelief as to any legitimate injuries or discomfort.

10.  After treatment at the hospital, Mr. and Mrs. Mascorro, while illegally under the arrest

of the three defendants, were transported in handcuffs by defendants to the Murray County Jail, where plaintiffs were incarcerated in the early morning hours of July 24, 2007.

11. Mr. Mascorro was wrongfully incarcerated a few hours in the Murray County Jail, until his release by bail bond in the early morning hours of July 24, 2007, while Mrs. Mascorro was wrongfully incarcerated in the Murray County Jail until the following afternoon around 3:00 o'clock p.m. of July 24, 2007, during all of which time Mrs. Mascorro was in constant fear that the Deputy Billings, officer Simpson, officer Watkins or other law enforcement who had invaded her home the previous night would return to her jail cell to resume terrorizing her.

12. Thereafter, defendant Deputy Billings and with the support, assist, enablement, aid, abetment, and encouragement of officers Watkins and Simpson caused to be filed in the Murray County District Court two criminal charges, Informations, alleging the crime of Obstructing an Officer against Mrs. Mascoro in Case Number CM-2007-305, which carried a maximum penalty of $1,000 fine and one year in the county jail, and alleging the crime of Obstructing an Officer against Mr. Mascorro in Case Number CM-2007-306, which also carried a maximum penalty of $1,000 fine and one year in the county jail. Both these criminal charges were based on the false statements of Deputy Billings, who falsely asserted that Joshua Burchett was a fugitive and Mr. and Mrs. Mascorro wilfully delayed and obstructed Murray County deputies in the performance of their duties. Officers

Watkins and Simpson were aware these charges were not true since they were present from the beginning of the search of the Mascorro's residence, and yet defendants Watkins and Simpson, in spite of their duty to do so, failed to intervene on behalf of the plaintiffs to prevent plaintiffs' false arrest.

13. The Honorable Tim Colbert, Judge of the Murray County District Court on October 25, 2007, conducted a hearing on the motions to quash filed by Mr. and Mrs. Mascorro in Murray County District Court Cases CM-2007-305 and -306, attended by the Sheriff of Murray County, Sulphur Chief of Police and an unusual number of law enforcement officers to hear the testimony of Deputy Billings, Officer Watkins and Officer Simpson.  The testimony of Deputy Billings at that hearing was false, both by the making of false statements of fact that plaintiffs obstructed him and by omitting exculpatory facts which would have shown the truly wrongful character of the home invasion and false arrest and false imprisonment and false and malicious prosecution by Deputy Billings supported, assisted, enabled, encouraged, aided, abetted, and aggravated by officers Watkins and Simpson.   Officers Watkins and Simpson were aware this testimony was false since they were present from the beginning of the invasion of the Mascorro's residence and thereafter throughout the events, and yet defendants Watkins and Simpson failed to intervene on behalf of the plaintiffs to prevent the malicious prosecution of plaintiffs in spite of their duty under the law to do so.

14.  Thereafter, on December 5, 2007, the Honorable Tim Colbert, Judge of the Murray County District Court, sustained the motions of Mr. and Mrs. Mascorro to quash both charges of Obstructing an Officer, and Murray County District Court Case No. CM-2007-305 and Murray County District Court Case No. CM-2007-306  were dismissed.

15.  At all times described above, Deputy Billings and Officer Steve Watkins and Officer Tony Simpson were in uniform, armed, and on duty as a Murray County Deputy Sheriff and Sulphur Police Officers, respectively, and acting under color of law.

16. While the defendants Billings, Watkins and Simpson with other officers as yet unknown were invading the Mascorro home, while the many police cars and ambulance, all arriving with flashing lights, were parked in front of the Mascorro home in the middle of the night, some neighbors drove by and these neighbors told other neighbors about the unusual events of that evening.  Thereafter, many neighbors have looked askance at Mr. and Mrs. Mascorro, averted their eyes when they met the plaintiffs' eyes, declined to speak to the plaintiffs, and otherwise treated the plaintiffs with suspicion, distrust, and acted as though the Mascorros were criminals as a result of the wrongful actions of the defendants, Billings, Watkins, Simpson and other officers as yet undertermined.

CLAIM FOR RELIEF NUMBER ONE:

Unlawful Entry and Excessive Force

17.  At no time during the events described above did Deputy Billings, officers Watkins and

Simpson nor any of the other deputy sheriffs or Sulphur police officers have any arrest warrant nor

search warrant nor any warrant or order of any kind authorizing their actions.  None of these named

defendants acted pursuant to any warrant at any time, nor pursuant to any emergency nor pursuant

to any exigent circumstances, nor to any felony of any kind, nor to probable cause of such, nor upon

any justifiable cause whatsoever.

18.  None of the deputy sheriffs nor police officers nor the named defendants herein had any

permission, express  or implied, by plaintiffs to invade plaintiffs' home, to attack them, to search

their home, to destroy their home, nor to arrest them, nor to imprison them, nor to prosecute them.

Defendants, Billings, Watkins, Simpson and as yet unknown officers acted together and conjointly

in the unlawful entry, excessive force, unlawful arrest, unlawful imprisonment and malicious and

unlawful prosecution, or in the terrorizing of the plaintiffs, all under color of law and to the harm and

detriment of the plaintiffs.

19.  At no time did Mr. Mascorro or Mrs. Mascorro pose any threat of any kind to the

defendants nor did they pose any threat to the safety of any officers, immediate or otherwise, nor did

the plaintiffs attempt to flee or resist arrest in any manner, nor did Mr. or Mrs. Mascorro, dressed

in their night clothes, resist the defendants physically or actively, nor did they have any resort to any weapons of any kind.  The defendants Billings, Watkins and Simpson, along with the other law enforcement personnel as yet identified, all acting conjointly at all times, were all armed, and they vastly outnumbered the Mascorro family.

20.  The actions of defendants Billings, Watkins, and Simpson were objectively unreasonable under the circumstances at the time, as all the defendants knew at the time they committed the actions.  The defendants, Billings, Watkins and Simpson knew that the Fourth Amendment to the United States Constitution clearly prohibited their actions as described above, clearly prohibited both the unlawful entry and the excessive force effected by those defendants, at the time defendants committed those acts.

21.  At no time nor in any fashion did Mr. Mascorro or Mrs. Mascorro give any permission, express or implied, to any of the defendants, Billings, Watkins, Simpson or as yet unnamed defendants to enter their home on July 23, 2007-July 24, 2007, as aforesaid, to spray plaintiffs in the face with Mace or pepper spray, to point deadly weapons at them, use excessive force upon them, enter or search their home, arrest them in their home, destroy their property, ransack the contents of their home, or in any other manner or fashion violate their rights under the United States Constitution.

22.   The defendants, Billings, Watkins and Simpson deliberately and wantonly and clearly violated the rights of Mr. Mascorro and Mrs. Mascorro as previously set out above and adopted herein as though restated again here under the Fourth Amendment to the United States Constitution by this unreasonable, unlawful, uninvited, unwarranted, kicking in the door , violent invasion at night of plaintiffs' home and by the defendants' use of mace or pepper spray, pointing of firearms and other excessive force by the said defendants, acting conjointly, in spite of the established law that prohibited such actions, and by defendants Watkins and Simpson refusing to intervene on plaintiffs' behalf to prevent the unlawful actions as described above of Deputy Billings, all in the knowledge that the law at that time clearly imposed the duty upon defendants Watkins and Simpson to intervene in those circumstances.

CLAIM FOR RELIEF NUMBER TWO:

False Arrest

23.   Defendants, Billings, Watkins, Simpson and unknown officers acting conjointly and together herein deliberately and arrested Mr. Mascorro and Mrs. Mascorro without just cause, without reasonable cause or probable cause, without any warrant, without exigent circumstances, and without any wrongdoing by Mr. and Mrs. Mascorro.  The plaintiffs were no threat, immediate or otherwise, to the safety of any of the  officers, and plaintiffs' arrest was made in violation of the

rights of Mr. and Mrs. Mascorro under the Fourth Amendment to the United States Constitution.

These defendants arrested Mr. and Mrs. Mascorro in order to conceal and distract from the

wrongfulness of defendants' own actions as aforesaid, to make it look like the plaintiffs were the

wrongdoers rather than the truth, and to prevent plaintiffs from receiving justice from defendants'

violation of plaintiffs' rights under the Fourth Amendment. Further, both Officer Watkins and

Officer Simpson refused to intervene on plaintiffs' behalf from what Officer Watkins and Officer

Simpson knew were false arrests of the plaintiffs.

CLAIM FOR RELIEF NUMBER THREE:

False Imprisonment

24.  Defendants, Billings, Watkins and Simpson acting conjointly and together at all times

as aforesaid deliberately and falsely imprisoned Mr. Mascorro and Mrs. Mascorro without just cause,

without reasonable cause or probable cause, without exigent circumstances, without violation of law,

without any warrant, without any wrongdoing by Mr. and Mrs. Mascorro, all in violation of Mr. and

Mrs. Mascorro's rights under the Fourth Amendment to the United States Constitution.  The

defendants, Billings, Watkins and Simpson acting conjointly and together and in defiance of then-

established lawful authority and under color of law deliberately, falsely, and wrongfully imprisoned

Mr. and Mrs. Mascorro in order to conceal and distract from the wrongfulness of all the defendants'

own actions as aforesaid, so as to prevent plaintiffs from vindicating their rights, as described earlier in this Complaint, under the Fourth Amendment.  Further, both Officer Watkins and Officer Simpson refused to intervene on plaintiffs' behalf from what Officer Watkins and Officer Simpson knew was false imprisonment, having witnessed and having actively participated in all the events of the plaintiffs' home invasion as related heretofore.

CLAIM FOR RELIEF NUMBER FOUR:

Malicious Prosecution

25.  Defendant Deputy Billings, encouraged, aided, abetted, assisted, and aggravated by Officers Watkins and Simpson, caused plaintiffs Mr. Mascorro and Mrs. Mascorro to be falsely prosecuted in bringing the criminal charge against each of them alleging the crime of Obstructing an Officer, neither of which charge was based on true facts, which the said defendant well knew, and both of which charges were ultimately quashed, dismissed and resolved in plaintiffs' favor by the Honorable Tim Colbert, Judge of the Murray County District Court.  Defendant Deputy Billings, encouraged, aided, abetted, assisted, and aggravated by Officers Watkins and Simpson,  falsely and deliberately instigated these criminal charges by his false arrest report and pursued them further by testifying falsely in pursuit of said charges against the plaintiffs in order to conceal and distract from the wrongfulness of the actions of the defendants as aforesaid, in order to make it appear that

plaintiffs were the wrongdoers, and so as to prevent plaintiffs from vindicating their rights, as described earlier in this Complaint, under the Fourth Amendment. Defendants Watkins and Simpson supported Billings in his assertions knowing them to be false and acted conjointly one with the other to conceal the true facts and in violation of the Fourth Amendment.  Moreover, both Officer Watkins and Officer Simpson refused to intervene on plaintiffs' behalf from what Officer Watkins and Officer Simpson knew was false and malicious prosecution.

## PRAYER FOR RELIEF

Plaintiff Christina Mascorro suffered damages from the pain from burning eyes, nose and face; the emotional and psychological trauma and indignity from the invasion with a loaded firearm pointed at her, and violation of her home and all the events described above; the emotional and psychological trauma and the indignity and degradation of being jailed and fearing Deputy Billings, officers Watkins and Simpson and other officers names unknown would return while she was still jailed;  the indignity and degradation of having her clothing and personal belongings searched; from the psychological and emotional pain and suffering from watching her young son sprayed with pepper spray or Mace; from the disgrace and ignominy from her neighbors and loss of reputation in the community; from the physical pain resulting of Deputy Billings jerking her arm unnecessarily violently; from the injustice, indignity and fear of being sentenced to jail again and fined as a result

of the false criminal charge filed and prosecuted against her with a crime she did not commit as a result of the actions of all three defendants, and inactions of defendants Watkins and Simpson; from physical damage to their home as a result of the actions of defendants Billings, Watkins and Simpson acting together, from the cost of ambulance service; from the cost of hospital service; from the cost of retaining an attorney to defend her from the false criminal charges brought against her.

For these damages, plaintiff Christina Mascorro prays for damages from all the defendants, and each of them, jointly and severally, both in their official capacities and in their individual capacities, in the sum of $250,000.00.

Plaintiff Jose Mascorro suffered damages from the pain of burning eyes, nose and face, the emotional and psychological trauma and indignity from the invasion with a loaded firearm pointed at him and violation of his home and all the events described above; emotional and psychological trauma from the terror of the events as described in his home;  the emotional and psychological trauma and the indignity of being jailed;  the indignity and violation of having his personal belongings searched;  from disgrace, degradation and ignominy from his neighbors and loss of reputation in the community;  from the injustice, indignity and fear of being sent to jail again and fined as a result of the false criminal charge filed and prosecuted against him with a crime he did not commit;  from physical damage to his home;  the cost of ambulance service; from the cost of hospital

service; from the cost of retaining an attorney to defend him from the false criminal charges brought

against him;   from the cost of a bail bond to obtain his release from jail from the wrongful and

illegal acts of the defendants Billings, Watkins and Simpson.

For these damages, plaintiff Jose Mascorro prays for damages from all the defendants, and

each of them, jointly and severally, both in their official capacities and in their individual capacities,

in the sum of $250,000.00.

S/Edmond Geary
Edmond Geary OBA # 3301
5601 N.W. 72nd Street, Suite 178
Oklahoma City, OK 73132
Tel:  (405) 728-8223
Fax: (405) 840-9467
edmondgeary@sbcglobal.net
and


Larry R. Monard OBA # 6301
P.O. Box 54403
Oklahoma City, OK 73154
Tel:  (405) 521-9090
Fax: (405) 521-9292
lrmonard@sbcglobal.net

Attorneys for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on July  2nd , 2009, I electronically transmitted the attached First Amended Complaint to the Clerk of the Court using the ECF System by filing and transmittal of a Notice of Electronic Filing to all parties who are ECF registrants. Larry R. Monard, co-counsel for plaintiffs, was notified by U.S. Mail to: P.O. Box 54403, Oklahoma City, OK 73154.

Ambre C. Gooch
COLLINS, ZORN & WAGNER, P.C.
429 NE 50th, Second Floor
Oklahoma City, Oklahoma 73105
Telephone: (405) 524-2070
Gooch@czwglaw.com and
czwg@czwglaw.com

Chris J. Collins
Colllins, Zorn & Wagner, P.C.
429 NE 50th, Second Floor
Oklahoma City, OK  73105
Telephone: (405) 524-2070
cjc@czwglaw.com

David Lee
Lee Law Center, P.C.
6011 N. Robinson
Oklahoma City, OK 73118-7425
Tel: (405) 848-1983
leelawok@swbell.net

Emily B. Milan

Lee Law Center, P.C.

6011 N. Robinson

Oklahoma City, OK 73118-7425

Tel: (405) 848-1983

emilan@swbell.net

S/Edmond Geary