IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

JOSE MASCORRO and CHRISTINA MASCORRO,

    Plaintiffs,

v.

CRAIG A. BILLINGS, in his individual and official capacities;
STEVE WATKINS in his individual and official capacities, and
TONY SIMPSON in his individual and official capacities,

    Defendants.

Case No. CIV-09-218-RAW

## ORDER & OPINION

Before the court is the Motion to Dismiss the First Amended Complaint filed by Defendants Watkins and Simpson [Docket No 22]. Plaintiffs filed their First Amended Complaint on July 7, 2009, seeking damages based on the following four claims: (1) unlawful entry and excessive force; (2) false arrest; (3) false imprisonment; and (4) malicious prosecution. Defendants Watkins and Simpson argue that Plaintiffs have failed to state a claim as to the excessive force and malicious prosecution claims against them. They also argue that they are entitled to qualified immunity.

### BACKGROUND

For purposes of the motion to dismiss, the court accepts as true all of the factual allegations in the First Amended Complaint and construes those facts in the light most favorable to Plaintiffs. See Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc., 521 F.3d 1278, 1284

(10th Cir. 2008). The court, therefore, recounts here the allegations in Plaintiffs' First Amended Complaint.

At approximately 11:30 p.m. on the evening of July 23, 2007, Plaintiffs' seventeen year old son parked his car in front of their family home and entered the home. Soon thereafter, Defendant Billings parked his car in front of Plaintiffs' home. He then radioed for backup law enforcement. Several other law enforcement officers soon arrived at Plaintiffs' home, including Defendants Watkins and Simpson, and parked in front of Plaintiffs' home.

Defendants then approached Plaintiffs' front door and kicked it repeatedly. Defendant Billings had his gun drawn. The pounding woke Plaintiffs. Mr. Mascorro opened the front door, and immediately, Defendant Billings pointed a gun in Mr. Mascorro's face and shouted, "On your knees, [expletive]!" Defendants Watkins and Simpson were standing with Defendant Billings as he proceeded.

Mrs. Mascorro then closed the front door, and Defendant Billings kicked it back open. Defendant Billings then yelled "Where is he?" He then entered the home, and Mrs. Billings asked him if he had a warrant. Defendant Billings then sprayed pepper spray directly into her mouth. All three Defendants and other officers entered Plaintiffs' home and began searching and destroying property. Defendants Watkins and Simpson also sprayed pepper spray into the face of Plaintiffs' fourteen year old son.

The officers kicked a hole in one of the walls of Plaintiffs' home, they searched the rooms of the home, they "ransacked" the family's private belongings, kicked over trash cans, and "rifled" through personal belongings and clothing, all under the pretext of looking for an individual. Defendant Simpson also kicked in the bathroom door. Defendants did not have an

2

arrest warrant, a search warrant or any other kind of warrant.

An ambulance later arrived and transported Plaintiffs and their fourteen year old son to a hospital. As Mrs Mascorro was entering the ambulance, Defendant Billings violently jerked her by the arm and handcuffed her wrist to the steel rail of the bed inside. Plaintiffs were treated with hostility at the hospital. After being treated, Plaintiffs were transported in handcuffs to the county jail. Mr. Mascorro was released on bond early on July 24, 2007; Mrs. Mascorro was released around 3:00 p.m. on July 24, 2007.

Defendants then caused two criminal charges to be filed in the county court. Both Plaintiffs were charged with obstructing an officer. The charges were based on Defendant Billings' statement and testimony that Plaintiffs' son was a fugitive and that Plaintiffs wilfully delayed and obstructed the county deputies in the performance of their duties. Plaintiffs argue that because they were present during the events of the late evening of July 23 and the early morning of July 24, Defendants Watkins and Simpson were aware these statements were false. Plaintiffs further argue that Defendants Watkins and Simpson did not come forward with the truth and acted together to conceal the truth. On December 5, 2007, both charges were dismissed.

## ANALYSIS

In order to survive a motion to dismiss for failure to state a claim, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiffs must nudge their "claims across the line from conceivable to plausible," otherwise their First Amended Complaint must be dismissed. Id. The

Twombly court is critical of complaints that do not mention a specific time, place or person. Id. at 565 n. 10.

The Tenth Circuit has noted that "'plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." Id. The plausibility requirement "serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." Id. at 1248.

In a case such as this one, where Plaintiffs have brought § 1983 claims against multiple defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her . . . ." Id. at 1250 (emphasis in original). Otherwise, the complaint would fail to provide fair notice and to present a plausible right to relief.

Moreover, to "'nudge their claims across the line from conceivable to plausible,' in the context of a case involving qualified immunity, plaintiffs must allege facts sufficient to show that the defendants violated their constitutional rights, and that those rights were clearly established at the time." VanZandt v. Oklahoma Dept. of Human Servs., 276 Fed.Appx. 843, 847 (10th Cir. 2008).

4

**First Claim - Defendants argue excessive force portion of the claim should be dismissed**

Plaintiffs' first claim for relief is based on the allegation that Defendants violated Plaintiffs' Fourth Amendment rights when they unlawfully entered Plaintiffs' home and used excessive force. Plaintiffs argue that Defendants did not have a warrant or permission to enter Plaintiffs' home, that Plaintiffs did not pose any threat to the safety of the officers, and that the officers' actions were objectively unreasonable. Plaintiffs bring this claim against Defendants in their individual and official capacities.

Defendants Watkins and Simpson argue that the excessive force portion of this claim fails because Plaintiffs fail to set forth any facts that support their excessive force allegation as it relates to Defendants Watkins and Simpson. Further, Defendants argue that Plaintiffs' failure to intervene allegations do not satisfy the Twombly pleading requirements.

Citing Turner v. Scott, 119 F.3d 425, 429 (6th Cir. 1997), Defendants argue that an "officer who fails to act to prevent the use of excessive force may be held liable when (1) the officer observed or had reason to know that excessive force would be or was being used, and (2) the officer had both the opportunity and the means to prevent the harm from occurring." Id. Defendants argue that Plaintiffs made no statement that would demonstrate that Watkins or Simpson had the opportunity to stop the unlawful use of excessive force by Billings. Additionally, Defendants argue that they are entitled to qualified immunity in their individual capacities.

"To state a claim of excessive force under the Fourth Amendment, a plaintiff must show *both* that a "seizure" occurred and that the seizure was "unreasonable." Lemery v. Beckner, 323 Fed.Appx. 644, 649 (10th Cir. 2009) (emphasis in original). Plaintiffs have alleged that on July

5

23, 2007, Defendants unreasonably and unlawfully entered their home. They allege that Watkins and Simpson pepper sprayed their son. They allege that acting together, Watkins, Simpson, Billings and other officers ransacked their home. Officer Billings, who continually shouted at Plaintiffs, even pointed a gun at Mr. Mascorro and pepper sprayed Mrs. Mascorro. Plaintiffs allege that Defendants entered the home together, stormed through and took over the home, and ultimately, seized them and placed them under arrest.

The court believes Plaintiffs have sufficiently stated this claim. Plaintiffs have sufficiently alleged Watkins and Simpson personally used excessive force, i.e. that Watkins and Simpson participated in the seizure and that the seizure was unreasonable. They have also sufficiently alleged that Watkins and Simpson failed to act to stop Billings from using excessive force. Both Watkins and Simpson were present to witness whatever excessive force Billings was using and conceivably had the opportunity to intervene.

Additionally, Plaintiffs have alleged facts sufficient to show that Defendants Watkins and Simpson violated their constitutional rights, and that those rights were clearly established at the time. Defendants Watkins' and Simpson's motion is DENIED as to the first claim.

**Fourth Claim - Defendants argue the entire claim should be dismissed**

Plaintiffs' fourth claim for relief is based on the allegation that Defendants violated Plaintiffs' Fourth Amendment rights when they maliciously prosecuted Plaintiffs. Plaintiffs allege that Defendant Billings, who was encouraged, aided, abetted, assisted and aggravated by Defendants Watkins and Simpson, instigated criminal charges against Plaintiffs with false statements and testimony. Plaintiffs also allege that Defendants Watkins and Simpson knew the

truth and did not come forward with it, but instead concealed it. Plaintiffs bring this claim against Defendants in their individual and official capacities.

Defendants Watkins and Simpson argue that this claim fails because Plaintiffs do not allege any facts that show Watkins or Simpson did anything to initiate the prosecution of Plaintiffs and that it was done maliciously. Additionally, Defendants argue that they are entitled to qualified immunity in their individual capacities.

The Tenth Circuit has stated that "[b]ecause a person unlawfully arrested without legal process can bring a Fourth Amendment claim sounding in false imprisonment . . ., the malicious prosecution framework in a sense allows a second Fourth Amendment claim to come on the heels of the first one. Wilkins v. DeReyes, 528 F.3d 790, 799 n.5 (10th Cir. 2008). "The elements of a malicious prosecution in Oklahoma are: '(1) the bringing of the original action by the defendant; (2) its successful termination in favor of the plaintiff; (3) want of probable cause to bring the action; (4) malice; and (5) damages.'" Crudup v. Schulte, 12 Fed.Appx. 682, 685 (10th Cir. 2001).

The court agrees with Defendants Watkins and Simpson on the fourth claim. Plaintiffs have made no allegations that Defendants Watkins or Simpson had anything to do with the initiation of the criminal actions brought against them. Moreover, the court points out, the Plaintiffs also made no allegations that would tend to show that Defendants Watkins or Simpson had any particular malice towards Plaintiffs that would cause them to initiate criminal actions against them.

Plaintiffs claim only that Watkins and Simpson had information that Billings was giving false statements and testimony, that they failed to come forward with the truth and that they acted

together to conceal the truth. The court does not believe that these allegations satisfy the <u>Twombly</u> standards with regard to the malicious prosecution claim against Watkins and Simpson. The malicious prosecution claim against these Defendants is not plausible on its face.

Additionally, Plaintiffs have not alleged facts sufficient to show that Defendants Watkins and Simpson violated their constitutional rights, and that those rights were clearly established at the time. Plaintiffs' fourth claim is hereby DISMISSED against Defendants Watkins and Simpson in their official and individual capacities.

## CONCLUSION

Accordingly, Defendants Watkins' and Simpson's [partial] motion to dismiss [Docket No. 22] is hereby GRANTED in part and DENIED in part. Plaintiffs' fourth claim is DISMISSED as it pertains to Defendants Watkins and Simpson in their official and individual capacities. All other claims remain.

IT IS SO ORDERED this 31st day of August, 2009.

**Dated this 31st Day of August 2009.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

j4h4i0