# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSE MASCORRO and CHRISTINA MASCORRO,<br><br>Plaintiffs,<br><br>v.<br><br>CRAIG A. BILLINGS, in his individual capacity;<br>STEVE WATKINS in his individual capacity, and<br>TONY SIMPSON in his individual capacity,<br><br>Defendants. | Case No. CIV-09-218-RAW |

## ORDER & OPINION

Before the court are the motion for summary judgment filed by Defendant Craig A. Billings (hereinafter "Billings") [Docket No. 54], the motion for summary judgment filed by Defendants Steve Watkins (hereinafter "Watkins") and Tony Simpson (hereinafter "Simpson") [Docket No. 55], and a motion for partial summary judgment against Billings filed by Plaintiffs, Christina and Jose Mascorro [Docket No. 57].

Plaintiffs filed their First Amended Complaint on July 7, 2009, seeking damages based on the following four claims: (1) unlawful entry and excessive force; (2) false arrest; (3) false imprisonment; and (4) malicious prosecution. On August 31, 2009, the court dismissed the malicious prosecution claim against Watkins and Simpson. Also, in their responses to the summary judgment motions filed by the Defendants, Plaintiffs state that they "do not purport that the Sulphur Police Department or the City of Sulphur are liable in this case," and they drop their

official capacity claims against Defendants.[1]

In their motion, Plaintiffs argue that the court should grant them summary judgment as to their unlawful entry and excessive force claims against Billings. In their motions, Defendants argue that the court should grant them summary judgment as to all claims and that they are entitled to qualified immunity.

The court finds that there are disputed issues of material fact as to all of the remaining claims. Additionally, the court finds that the Defendants are not entitled to qualified immunity. Accordingly, Plaintiffs' motion [Docket No. 57] is DENIED. Defendants Billings', Watkins' and Simpson's motions [Docket Nos. 54 and 55] are DENIED in part and GRANTED as to the official capacity claims.

**BACKGROUND**

At approximately 11:30 p.m. on the evening of July 23, 2007, Billings attempted to conduct a traffic stop of Joshua Burchett (hereinafter "Joshua"), Plaintiffs' seventeen year old son. According to Billings, he activated his emergency lights and Joshua did not stop, but increased his speed and continued two blocks to his home. Plaintiffs do not dispute these facts in their response. Plaintiffs do argue, however, that Billings did not activate his siren. Once parked

---

[1] In their response to Watkins' and Simpson's motion, Plaintiffs explicitly state: "Plaintiffs do not purport that the Sulphur Police Department or the City of Sulphur are liable in this case. Defendants Watkins and Simpson have admitted they were acting under color of law, and Plaintiffs are content to proceed against Defendants Watkins and Simpson as individuals acting under color of law without their official capacity." In their response to Billings motion, Plaintiffs include the exact same statement. Given that the response refers entirely to Billings, the court believes the statement in this response is a "copy-and-paste-typo" and that Plaintiffs intended to change "Watkins and Simpson" to "Billings." In any event, for the same reasons that Defendants stated in their motions, the court believes it is proper to dismiss the official capacity claims.

in the driveway at his parents home, Joshua ran inside.

Plaintiffs argue that Billings was pursuing Joshua for a minor misdemeanor violation. According to Billings, he had prior dealings with Joshua using illegal drugs, so when Joshua refused to stop his vehicle, Billings believed that he was in possession of illegal drugs.

According to Billings, he then parked his patrol unit and knocked on the front door several times. According to Plaintiffs, Billings did not knock on the front door, but instead kicked on it and screamed obscenities and threats to open the door. According to Billings, he identified himself and told Plaintiffs they needed to bring their son out because Billings was arresting him for eluding a police officer. According to Plaintiffs, Billings did not identify himself, but instead screamed and yelled threats at them. Billings did not have a warrant, permission or consent to enter or search Plaintiffs' home.

Billings avers that Christina Mascorro poked him in the chest and said he could not do his job and that Jose Mascorro slammed the door in his face. Billings states that he then kicked the front door open, and then Plaintiffs ran at him, at which time he sprayed them with pepper spray. Billings states that it was about that time when Watkins and Simpson arrived at the Plaintiffs' home.

According to Defendants, when Watkins and Simpson arrived, Billings explained to them that while in "fresh pursuit," he attempted entry into Plaintiffs' home, that Plaintiffs refused entry, that someone inside the home had assaulted him, and that he had used his pepper spray. Watkins and Simpson argue that they did not see Billings use excessive force. According to Plaintiffs, however, Billings was visibly enraged and continued to use excessive force throughout the encounter, including pushing Christina Mascorro.

According to Plaintiffs' affidavits, Billings initiated contact by pointing his gun at Jose

3

Mascorro and screaming, "On your knees, [expletive]!" Plaintiffs state that Billings then forced his way into their home and sprayed Plaintiffs and their fourteen year old son, Christopher, without provocation. Christina Mascorro admits raising her voice to Billings, but avers that she did not poke Billings and that no one touched or threatened him. She also states that she did not refuse to bring out Joshua. Jose Mascorro states that Watkins and Simpson were present at the time Billings pepper-sprayed them and that seconds later they kicked in the bathroom door.

According to Billings, he phoned for an ambulance after Plaintiffs requested medical treatment. Christina Mascorro avers that another officer suggested calling an ambulance and that Billings yelled, "No one is calling any ambulance."

Defendants state and Plaintiffs do not dispute that after Billings pepper-sprayed Plaintiffs, he told Simpson that Joshua was in the bathroom and asked Simpson to get him out of the bathroom. Watkins and Simpson searched the residence and then escorted the Plaintiffs and their younger son, Christopher, outside. Simpson called for a medic unit to assist them. Watkins and Simpson went to the bathroom door and requested that Joshua open the door and come out. When he refused, Simpson drew his service pistol, kicked in the door and retrieved him. Billings then identified Joshua as the suspect that ran from him. Watkins transported Joshua to jail.

Billings placed Plaintiffs under arrest, after which they were transported to the hospital. Watkins and Simpson did not use force against Plaintiffs or their son, Christopher. Billings, not Watkins or Simpson, arrested and handcuffed Plaintiffs. According to Plaintiffs, Defendants left their home unlocked and their fellow officers "ransacked" the interior of their home, went through their belongings, and kicked a hole in the wall.

Each of the Plaintiffs were booked into jail in the early morning hours of July 24, 2007 and released later the same day. Based on the events at their home on July 23, 2007, Plaintiffs

4

were each charged with the crime of obstructing an officer. It is undisputed that these charges were dismissed by the state court because that court determined there were no exigent circumstances to enter the Plaintiffs' residence without a warrant for the commission of a misdemeanor. Billings argues that there were exigent circumstances because Christina Mascorro assaulted him by poking him in the chest and because Joshua, someone Billings had prior dealing involving illegal drugs, sped away when Billings tried to stop him.

## ANALYSIS

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying the summary judgment standard, the court views the evidence and draws reasonable inferences therefrom in the light most favorable to the nonmoving party. Burke v. Utah Transit Auth. & Local 382, 462 F.3d 1253, 1258 (10th Cir. 2006). At this stage, Plaintiffs may not rely on mere allegations, but must have set forth, by affidavit or other evidence, specific facts in support of their complaint. Id.

### Plaintiffs' motion

Plaintiffs move for partial summary judgment against Billings on their first claim of unlawful entry and excessive force. They argue that collateral estoppel applies because the state court decided that there were no exigent circumstances justifying entry into Plaintiffs' home. The court, however, agrees with Billings on this issue. The issues in the state court criminal action were not identical to this issues in this federal civil action. Moreover, Billings was not a

party to the state court criminal action.

Plaintiffs also argue that the court should find independently that there were no exigent circumstances justifying entry into Plaintiffs' home. As evidenced by the facts noted above, however, it is clear that there are genuine issues as to material fact with regard to this claim. Plaintiffs argue that no exigent circumstances existed, that Billings was only pursuing Joshua for a minor misdemeanor, that Billings did not even turn on his siren in his pursuit. Plaintiffs further argue that Billings, while screaming and shouting threats, kicked in the door to their home, pointed a gun at Jose Mascorro, and pepper-sprayed Plaintiffs and their young son, Christopher, without provocation.

Defendants, however, argue that Billings was in fresh pursuit of Joshua, that Joshua was known to Billings to be involved in drugs, and that when he sped away from Billings, Billings believed Joshua was going to destroy evidence, namely the drugs in his possession. Defendants further argue that because Christina Mascorro assaulted Billings by poking him in the chest, Billings was acting reasonably in pepper-spraying Plaintiffs.

As to this claim, there are genuine issues of material fact. Accordingly, Plaintiffs' motion is hereby DENIED.

**Defendants' motions**

Plaintiffs brought four claims against Defendants: (1) unlawful entry and excessive force; (2) false arrest; (3) false imprisonment; and (4) malicious prosecution. As noted previously, these claims remain against Defendants in their individual capacities only. Additionally, the court dismissed the malicious prosecution claim against Watkins and Simpson.

**First Claim**

6

Plaintiffs' first claim for relief is based on the allegation that Defendants violated Plaintiffs' Fourth Amendment rights when they unlawfully entered Plaintiffs' home, when Billings used excessive force and when Watkins and Simpson failed to intervene when Billings used excessive force. Plaintiffs argue that Defendants did not have a warrant or permission to enter Plaintiffs' home, that Plaintiffs did not pose any threat to the safety of the officers, and that the officers' actions were objectively unreasonable.

**Unlawful Entry**

The "physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed." United States v. Biglow, 562 F.3d 1272, 1275 (10th Cir. 2009) (quoting United States v. U.S. Dist. Court, 407 U.S. 297, 313 (1972). Absent "exigent circumstances," the "firm line at the entrance to the house . . . may not reasonably be crossed without a warrant." Kirk v. Louisiana, 536 U.S. 635, 636 (2002) (citing Payton v. New York, 445 U.S. 573, 590 (1980)).

"It is a matter of law that a warrantless entry for some limited purposes is permissible if police officers have probable cause to search the residence and exigent circumstances are present." Bewley v. City of Duncan, 149 F.3d 1190 (10th Cir. 1998) (quoting United States v. Chavez, 812 F.2d 1295, 1298 (10th Cir. 1987). Genuine issues of material fact exist as to this claim. If the facts are as Plaintiffs urge in their pleadings, affidavits and depositions, then Defendants did not have probable cause and no exigent circumstances existed permitting entry into Plaintiffs' home without a warrant, permission or consent. Accordingly, Defendants' summary judgment motions are denied as to this issue.

**Excessive Force**

"To state a claim of excessive force under the Fourth Amendment, a plaintiff must show

*both* that a "seizure" occurred and that the seizure was "unreasonable." Lemery v. Beckner, 323 Fed.Appx. 644, 649 (10th Cir. 2009) (emphasis in original). "The reasonableness of an officer's conduct must be assessed 'from the perspective of a reasonable officer on the scene,' recognizing the fact that the officer maybe 'forced to make split-second judgments' under stressful and dangerous conditions." Id.

Moreover, an "officer who fails to act to prevent the use of excessive force may be held liable when (1) the officer observed or had reason to know that excessive force would be or was being used, and (2) the officer had both the opportunity and the means to prevent the harm from occurring." Turner v. Scott, 119 F.3d 425, 429 (6th Cir. 1997).

Again, genuine issues of material fact exist as to this claim. According to Plaintiffs, Billings, without provocation, pepper-sprayed them and their fourteen year old son, Christopher. Additionally, they claim that Billings pushed Christina Mascorro. They claim that Billings was enraged throughout the encounter.

Plaintiffs claim that Watkins and Simpson were present when Billings pepper-sprayed them, that they saw Billings' enraged condition, and that they witnessed Billings' continued use of excessive force against them, but failed to intervene. Accordingly, Defendants' summary judgment motions are denied as to this issue.

**Second Claim - False Arrest**

"[A] warrantless arrest is lawful under the Fourth Amendment if there is probable cause to believe that the person arrested has committed an offense. Tanberg v. Sholtis, 401 F.3d. 1151, 1159 (10th Cir. 2002) (citing Atwater v. Lago Vista, 532 U.S. 318, 322 (2001)). Genuine issues of material fact exist as to this claim also. Viewing the facts in the light most favorable to Plaintiffs, Defendants did not have probable cause to believe that Plaintiffs had committed an

8

offense. According to Plaintiffs, they did not obstruct the officers, that they never presented any threat to the officers, and they did not poke or assault any of the officers in any way. Defendants' motions are denied as to this claim.

**Third Claim - False Imprisonment**

"[A] plaintiff states a claim for false imprisonment in violation of § 1983 by specifically alleging facts that show a government official acted with deliberate indifference or reckless intent to falsely imprison the plaintiff." Romero v. Fay, 45 F.3d 1472, 1480 (10th Cir. 1995). If the facts are as Plaintiffs have presented them, then the officers acted with deliberate indifference or reckless intent to falsely imprison Plaintiffs. Defendants' motions are denied as to this claim also.

**Fourth Claim - Malicious Prosecution**

Plaintiffs' fourth claim for relief is based on the allegation that Billings violated Plaintiffs' Fourth Amendment rights when he maliciously prosecuted Plaintiffs. Plaintiffs allege that Billings instigated criminal charges against Plaintiffs with false statements and testimony.

The Tenth Circuit has stated that "[b]ecause a person unlawfully arrested without legal process can bring a Fourth Amendment claim sounding in false imprisonment . . ., the malicious prosecution framework in a sense allows a second Fourth Amendment claim to come on the heels of the first one." Wilkins v. DeReyes, 528 F.3d 790, 799 n.5 (10th Cir. 2008). A "§ 1983 malicious prosecution claim includes the following elements: '(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages.'" Id. at 799.

Again, genuine issues of material fact exist as to this claim against Billings. According to Plaintiffs, Billings testified falsely against them in court and there was no probable cause for their arrest. Additionally, according to Plaintiffs, Billings acted with aggressive anger throughout the events of July 23, 2007, which could show malice. Moreover, the criminal action against Plaintiffs did terminate in their favor, and they did sustain damages. Accordingly, Billings' motion is denied as to this issue.

**Qualified Immunity**

Qualified immunity questions are decided differently than other summary judgment decisions. Vondrak v. City of Las Cruces, 535 F.3d 1198, 1204 (10th Cir. 2008). "When a defendant asserts a qualified immunity defense, the burden shifts to the plaintiff, who must first establish that the defendant violated a constitutional right." Id. "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." Id. (quoting Saucier v. Katz, 533 U.S. 194, 201 (2001)). If a plaintiff shows that a constitutional violation occurred, the question then becomes whether the constitutional right was clearly established. Id. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation." Id. at 1204-05.

Plaintiffs have presented evidence that Defendants violated their constitutional rights by: (1) entering their home without probable cause or exigent circumstances; (2) Billings' use of excessive force against them, i.e. pepper-spraying and pushing Plaintiffs without provocation; (3) by Watkins' and Simpson's failure to intervene when Billings used excessive force against them; (4) by arresting them without probable cause; (4) by falsely imprisoning them; and (5) by Billings malicious prosecution of them. There are genuine issues of material fact as to each of

these claims.

Moreover, these constitutional rights were clearly established. As noted above, the "physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed." Biglow, 562 F.3d at 1275 (citation omitted). "The Supreme Court has recognized several types of exigent circumstances that may justify a warrantless entry into a home, including the hot pursuit of a fleeing felon, the imminent destruction of evidence, the need to prevent a suspect's escape, or the risk of danger to police officers or other people inside the home." United States v. Thomas, 372 F.3d 1173, 1177 (10th Cir. 2004).

According to Plaintiffs' evidence, however, none of these listed exigent circumstances were present. Defendants argue that Billings was in "fresh pursuit," but not "hot pursuit of a fleeing felon." According to Plaintiffs, Joshua was not a fleeing felon and there was no basis for entry based on any imminent destruction of evidence. Moreover, this court does not believe that Billings' mere suspicion that Joshua may have had drugs is enough to justify entry based on imminent destruction of evidence. Certainly, there was little risk that Joshua would escape while Billings obtained a warrant. According to Plaintiffs, there was no risk to any officer's safety or to anyone inside the home.

This court believes that any reasonable officer would believe that it was unconstitutional to enter a home without probable cause or exigent circumstances, to use excessive force against the inhabitants of that home, to falsely arrest and imprison them, and then to maliciously prosecute them.[2] Even though an officer may have probable cause to arrest a suspect and evidence may be destroyed, a warrantless entry is unjustified when the underlying crime is

---

[2] See Kirk, 536 U.S. 635; Lemery, 323 Fed.Appx. 644; Wilkins, 528 F.3d 790; Tanberg, 401 F.3d. 1151; Romero, 45 F.3d 1472; Chavez, 812 F.2d 1295.

11

minor, as Plaintiffs claim is the case here.  See Welsh v. Wisconsin, 466 U.S. 740, 754 (1984).

The court, therefore, determines that Defendants are not entitled to qualified immunity.

## CONCLUSION

Accordingly, Plaintiffs' motion [Docket No. 57] is DENIED.  Defendants Billings', Watkins' and Simpson's motion [Docket Nos. 54 and 55] are DENIED in part and GRANTED as to the official capacity claims.

IT IS SO ORDERED this 27th day of January, 2010.

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma